**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ANGEL BAEZ-GIL, #10019-049                                              PLAINTIFF

v.                                             CIVIL ACTION NO. 5:18-cv-45-DCB-MTP

ADAMS COUNTY CORRECTIONAL CENTER                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, sua sponte, for consideration of dismissal.    Pro se

Plaintiff Angel Baez-Gil ("Plaintiff") is a federal inmate incarcerated by the Bureau of Prisons

and he brings this conditions of confinement Complaint [1] seeking injunctive relief.    Plaintiff is

proceeding *in forma pauperis.    See* Order [21].    The Court, having liberally construed

Plaintiff's pleadings in consideration with the applicable law, finds that this case should be

dismissed.

I.      BACKGROUND

Plaintiff initiated this action by filing a Complaint in his federal criminal case which the

district court for the District of New Hampshire transferred to this Court on May 1, 2018.    *See*

Compl. [1]; Order [4].    On August 13, 2018, Plaintiff filed a Letter [20] with exhibits

supplementing his Complaint.    *See* Letter [20]; Attach. [20-1 to 12].

Plaintiff complains about the conditions of his previous confinement at the Adams

County Correctional Center ("ACCC") in Natchez, Mississippi.[1]    The ACCC is a privately

operated prison facility that houses inmates on behalf of the Federal Bureau of Prisons.

Plaintiff alleges that while at the ACCC he was not provided adequate medical care.

---

[1]On June 21, 2018, Plaintiff changed his address to the D. Ray James Correctional Facility in
Folkston, Georgia. *See* ECF no. 12.

Plaintiff states that he suffers from vertigo and chronic arthritis. Letter [20] at 1.    Plaintiff disagrees with changes made to his prescription medications and complains about how his medications were dispersed at the ACCC from July of 2017, to March 7, 2018.    *Id.* at 2–4.    As relief, Plaintiff seeks "intervention" by the Court with prison officials at the ACCC regarding his medical care.    Compl. [1] at 1–2.

II.    DISCUSSION

The Prison Litigation Reform Act, 28 U.S.C. § 1915 (e)(2) (as amended), applies to prisoners proceeding *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."    Plaintiff is proceeding *in forma pauperis*, therefore, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Since Plaintiff is a federal inmate challenging the conditions of his confinement, the Court construes this action as proceeding under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388, 395–97 (1971).[2]    In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution.    *See Bivens,* 403 U.S. at 395–97.

---

[2]*See e.g., Oriakhi v. GEO Group, Inc*., 579 F. App'x 292, 292 (5th Cir. 2014) (per curiam) (noting district court correctly interpreted federal prisoner's complaint against private prison operator as alleging claims under *Bivens*); *Whitman v. Washington*, 113 F. App'x 605, 606 (5th Cir. 2004) (per curiam) (continuing to consider federal prisoner's *Bivens* action even after his request for injunctive relief became moot because inmate could have received nominal damages).

Initially, the Court notes that *Bivens* liability does not extend to private prisons such as the ACCC. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (holding federal inmate may not seek relief under *Bivens* against a private corporation operating a halfway house under contract with the BOP). "The purpose of *Bivens* is to deter *individual federal officers* from committing constitutional violations." *Id*. (emphasis added). Thus, Plaintiff cannot proceed with this *Bivens* action against the ACCC or the private corporation operating the ACCC.

Likewise, a federal inmate may not seek relief under *Bivens* for inadequate medical care by the individual employees of a private prison. *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (refusing to extend *Bivens* remedy to federal prisoner claiming a violation of his Eighth Amendment rights while confined in a privately operated federal prison because alternative remedy is available under state law). Therefore, even if the Plaintiff named individual employees of the ACCC as Defendants, he could not proceed with the claims he presents in this action. *See Alonso v. Corr. Corp. of America*, No. 5:11-cv-171-DCB-JMR, 2012 WL 1033534, *3 (S. D. Miss. Mar. 27, 2012) (holding relief is not available for inmate's denial of medical care claims against the ACCC or individual employees of the ACCC under *Bivens* or § 1983).

Lastly, Plaintiff's transfer from the ACCC to a correctional facility in Folkston, Georgia, renders his request for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *Cooper v. Sheriff, Lubbock Cty, Tex*., 929 F.2d 1078, 1081 (5th Cir.1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Since the Plaintiff is no longer incarcerated at the ACCC, this Court is unable to provide the injunctive relief Plaintiff seeks. The Court further finds that "any suggestion of

3

relief based on the possibility of transfer back to the [ACCC] is too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987)).

III.   CONCLUSION

For the reasons stated herein, this *Bivens* action will be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted.   *See e.g., Nyabwa v. Unknown Jailers at Corr. Corp. of America*, 700 F. App'x 379, 380 (5th Cir. 2017) (finding federal prisoner's *Bivens* action against private prison employees properly dismissed for failure to state a claim).   Any possible state law claims Plaintiff may be asserting will be dismissed without prejudice.   *See* 28 U.S.C. § 1367 (c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's conditions of confinement claims construed as proceeding under *Bivens* are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii).

**IT IS, FURTHER ORDERED AND ADJUDGED** that any possible state law claims Plaintiff may be asserting are **DISMISSED WITHOUT PREJUDICE**.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, This the 23rd   day of October, 2018.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

4